# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-4062

———————

United States of America,        \*
                             \*
          Appellee,       \*
                             \*   Appeal from the United States
     v.                     \*   District Court for the
                             \*   Western District of Arkansas.
Michael Lee Clark,          \*
                             \*   [UNPUBLISHED]
          Appellant.      \*

———————

Submitted:  November 23, 2004
Filed:  December 14, 2004

———————

Before MURPHY, FAGG, and SMITH, Circuit Judges.

———————

PER CURIAM.

Michael Lee Clark appeals from the final judgment entered by the district court[1] upon his guilty plea to traveling in interstate commerce on or about April 5, 2003, to engage in a sexual act, as defined in 18 U.S.C. § 2246(2)(B), with a person under the age of 18 years, in violation of 18 U.S.C. § 2423(b). On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967). We affirm.

———————

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

As relevant, at sentencing the district court calculated a Category III criminal history based on 4 criminal history points, which included 3 points for 1987 theft and attempted-theft convictions resulting in a 4-year prison sentence from which Clark was released on August 3, 1992. The court sentenced Clark to 64 months imprisonment and 3 years supervised release, and imposed a $2,500 fine. On appeal, counsel argues, as he did below, that Clark's 1987 convictions should not have been counted in computing his criminal history category because they were too dated. See U.S.S.G. § 4A1.2(e)(1) ("Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted.").

We conclude that the district court properly assigned criminal history points based on the prison sentence Clark received for his 1987 convictions: he was incarcerated on the convictions until August 3, 1992, and he committed the instant offense on April 5, 2003. See id. ("[C]ount any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen year period.").

Having found no nonfrivolous issues after reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we affirm. We hold counsel's motion to withdraw in abeyance.

_____